

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 14-01077 |
| | Chapter 7 |
| CARRI-LEE REIKO LOUI, | |
| Debtor. | |
| ELIZABETH A. KANE, Trustee, | Adv. Pro. No. 15-90045 |
| Plaintiff, | Re: Docket No. 7 |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, and BANK OF AMERICA, N.A., | |
| Defendant. | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

The Chapter 7 Trustee has filed a complaint against Deutsche Bank National

Trust Company and Bank of America, N.A. (collectively "Defendants") seeking

monetary damages arising from a mortgage loan to the debtors. Defendants seek

dismissal of the complaint. Based on the written submissions, the oral arguments, and for the following reasons, the motion is granted in part and denied in part.

# I. BACKGROUND

## A. Relevant Facts

This section is based on the allegations of the complaint, which I must accept as true for purposes of this motion.

On March 24, 2005, the Debtor and her husband (the "Louis") refinanced their home located at 3312 Esther Street, Honolulu, HI 96815 with New Century Mortgage Corp. ("New Century"). New Century "created a false loan application in order to justify this loan," failed to make disclosures to the Louis required by the Truth in Lending Act ("TILA"), and imposed "excessive and improper charges upon" them. The complaint contains no further information about the missing disclosures or the improper charges.

After the refinance, Bank of America, N.A. ("BANA") falsely represented that it owned the debt and began sending monthly statements, many of which the Louis paid.

By virtue of a blank endorsement of the promissory note and an assignment of the mortgage, Deutsche Bank National Trust Company ("Deutsche Bank") claims ownership of the loan, but "upon information and belief," Deutsche Bank never had a valid ownership interest in the debt.

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 2 of 17

In late September 2010, BANA sent the Louis a loan modification agreement. The Louis signed it on October 7, 2010. BANA did not sign the agreement until August 28, 2013. The Louis signed the agreement, made payments, and took other actions in reliance on the statements of BANA and Deutsche Bank that "there would be no foreclosure on their property in consideration of Borrowers' entering into the loan modification agreement." (The complaint does not say whether the Louis made all payments required under the loan modification agreement.)

On July 18, 2012, BANA sent a payoff demand statement to the Louis stating that their loan was in foreclosure, the full amount of the loan was due and payable, and additional fees and costs were due.

On November 13, 2012, Deutsche Bank filed a complaint in Hawaii state court alleging that Deutsche Bank held the note, was record assignee of the mortgage, and was entitled to foreclose the mortgage. The Debtor filed a counterclaim in response.

In 2014, the Louis filed a chapter 7 bankruptcy petition.

**B. The Adversary Proceeding**

The Trustee of the Louis' bankruptcy estate filed the instant adversary proceeding challenging New Century, Deutsche Bank, and BANA's interests in the mortgage on various grounds.

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed 02/05/16   Page 3 of 17

The complaint asserts the following claims:

- Count I: Defendants violated 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act (the "FDCPA") in their attempts to collect the loan;

- Count II: Defendants violated H.R.S. § 480-2 ("UDAP") during the Louis' attempts to modify the loan;

- Count III: New Century violated H.R.S. § 480-12 at the time the loan was made, rendering the loan void and unenforceable;

- Count IV: Defendants made negligent misrepresentations to the Debtor;

- Count V: Defendants owed a duty of ordinary care in carrying out the loan modification process and a duty under the Home Affordable Modification Program guidelines ("HAMP"), and breached those duties by making false representations to the Louis and failing properly to process and comply with the loan modification; and

- Count VI: Defendants made numerous oral and written promises to the Debtor giving rise to a claim for promissory estoppel.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[1] To survive a

_____

[1]Fed. R. Civ. P. 12(b)(6).

motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[2] A formulaic recitation of the elements of a cause of action does not suffice.[3] A claim is plausible when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[4] Where a complaint pleads facts that are "merely consistent" with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[5]

When a complaint alleges fraud or mistake, the plaintiff must state with particularity the circumstances constituting the fraud or mistake.[6] A pleading is sufficient if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."[7] The complaint must specify such facts as the times, dates, places, benefits received, and other details of the

---

[2] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015)(citing *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 555 (2007)).

[3] *Compton v. Countrywise Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014)(quoting *Ashcroft. v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009)).

[4] *Johnson v. Fed. Home Loan Mortgage Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015)(citing *Iqbal,* 556 U.S. at 678).

[5] *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013)(citing *Iqbal,* 556 U.S. at 678).

[6] Fed. R. Civ. P. 9(b).

[7] *McMaster v. United States*, 731 F.3d 881, 897 (9th Cir. 2013)(citing *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993)).

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 5 of 17

alleged fraudulent activity.[8]

## III. DISCUSSION

### A. Count I- FDCPA

The Trustee claims that, while attempting to collect the loan, the Defendants violated: (1) 15 U.S.C. § 1692d by engaging in oppressive and abusive conduct, (2) section 1692e by using false, deceptive, and misleading representations, and (3) section 1692f by unfair means. These provisions are part of the Fair Debt Collection Practices Act ("FDCPA").

To establish a FDCPA claim, the plaintiff must show that: (1) the plaintiff is a "consumer";[9] (2) the debt arises out of a transaction entered into for personal, family, or household purposes; (3) the defendant is a "debt collector";[10] and (4) the defendant violated one of the provisions of FDCPA.[11]

There is no dispute that the Debtor is a consumer and that the alleged debt arose out of a transaction entered into for personal, family, or household purposes. The Defendants' motion also does not challenge the allegation that one or both of

---

[8] *Id.*

[9] 15 U.S.C. §§ 1692a(3) and 1692c(d).

[10] *Id.* § 1692a(6).

[11] *Id.* §§ 1692a- 1692o; *Freeman v. ABC Legal Services Inc.*, 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011)(citing *Creighton v. Emporia Credit Service, Inc.*, 981 F.Supp 411, 414 (E.D. Va. 1997)).

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 6 of 17

them is a "debt collector."[12] Rather, the Defendants argue that the complaint does not adequately allege a violation of FDCPA.

First, the Defendants argue that the allegations are too vague. The Trustee alleges that the Defendants violated certain sections of FDCPA, but does not identify exactly what conduct amounted to a violation. I agree that these allegations are not sufficient to meet the test of plausibility, because they are a formulaic recitation of the elements of the claim. I will allow leave to amend so the Trustee can attempt to provide more information.

Second, the Defendants claim that foreclosing on a property pursuant to a mortgage is not a debt collection activity to which FDCPA applies. In support of this arguments, the Defendants cite three district court decisions which are not binding, unpublished, decided in other districts, and offer little if any analysis.[13] The cases cite other cases which rely on the following line of thinking:

---

[12] The term "debt collector" means any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). There are a few narrow exceptions; a person who obtained the right to collect before the debt went into default is not a debt collector. 15 U.S.C. § 1692a(6)(F)(iii); *see, e.g., De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1073-74 (9th Cir. 2011). Apparently the Debtor and the Trustee do not know which of the Defendants (if either of them did) held the debt and which was the agent, or whether they obtained the debt before or after the Louis defaulted. At this stage, the allegations of the complaint are sufficient on this score. *But see Schlegel v. Wells Fargo Bank*, 720 F.3d 1204 (9th Cir. 2013) (holding insufficient under FDCPA a complaint that does not allege that the "principal purpose" of the defendant's business is debt collection).

[13] *Gamboa v. Trustee Corps*, 2009 WL 656285 (N.D. Cal. March 12, 2009); *Goodwin v. California Reconveyance Co.*, 2010 WL 3341831 (E.D. Cal. Aug. 23, 2010); *Anaya v. Advisors Lending Group*, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009).

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii  #15-90045  Dkt # 36  Filed  02/05/16  Page 7 of 17

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.[14]

This reasoning is not persuasive. To say that foreclosure is not debt collection overlooks the fact that lenders foreclose for the sole purpose of collecting debts. The better view is that foreclosure is a debt collection activity regulated by FDCPA and that, even if the foreclosure itself is not regulated, related conduct and communications are.[15]

Therefore, Count I is dismissed, but with leave to amend.

**B. Count II- UDAP Claim**

The Trustee alleges that the Defendants violated Hawaii's statutory prohibition on unfair and deceptive trade acts and practices ("UDAP").[16]

"Unfair or deceptive acts or practice in the conduct of any trade or commerce are unlawful."[17] A practice is "unfair" when it offends established public

---

[14] *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

[15] *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) ("We therefore hold that a party who satisfies § 1692a(6)'s general definition of a "debt collector" is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."); *McNair v. Maxwell & Morgan PC*, 2015 WL 6735240, at *8 (D. Ariz. Nov. 4, 2015).

[16] Haw. Rev. Stat. § 480-2.

[17] Haw. Rev. Stat. § 480-2.

policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.[18] A "deceptive" act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation, omission, or practice is material.[19] This inquiry is objective—the test is whether the practice was "capable of misleading a reasonable consumer." Neither intent to deceive nor actual deceit are required.[20]

The complaint does not clearly identify the acts which allegedly violated UDAP, but there are apparently four.

The first is the allegation that, in consideration of their entry into the loan modification agreement, Defendants promised that they would never foreclose. This allegation does not meet the standard of plausibility. No sane lender would ever promise never to foreclose, even if the borrower fails to comply with the modified loan terms.

Second, the Trustee alleges that the Defendants imposed excessive charges on the Debtor and her husband. This allegation also fails the test of plausibility. A

---

[18] *In re Malinay*, No. 15-00044, 2015 WL 5208985, at *4 (Bankr. D. Haw. Sept. 3, 2015).

[19] *Id.*

[20] *Id.*

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed 02/05/16   Page 9 of 17

charge could be "excessive," whatever that means, without being "unfair" or "deceptive" within the meaning of UDAP.

Third, the Trustee points to the long delay in BANA's signing of the loan modification agreement. There is no allegation that would support an inference that the late signing was "unfair" or "deceptive," particularly where, as far as one can tell from the complaint, the Defendants always acted in accordance with the terms of the loan modification even before BANA signed it. This is not a case where a lender sought to foreclose even though the borrower was in compliance with a loan modification agreement, and then attempted to excuse the lender's noncompliance with that agreement by saying that the lender had never signed it.[21] Because the complaint does not allege that the late signing adversely affected the Louis or a similarly situated borrower, the allegations are insufficient.

Finally, the Trustee alleges that the Defendants took collection actions and commenced a foreclosure proceeding even though they did not own the debt. If proven, these allegations could amount to a UDAP violation. The Defendants argue that the Trustee lacks standing to challenge the validity of the assignment of the mortgage to the Defendants. It is true that borrowers sometimes lack standing

---

[21] *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878 (9th Cir. 2013), *as amended on reh'g in part* (Sept. 23, 2013).

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 10 of 17

to challenge the transfer of their obligation, at least on certain grounds.[22] But a borrower always has the right to stop collection actions taken by a person to whom the borrower does not owe money. The complaint does not permit me to determine which category this case belongs in. Accordingly, dismissal on this ground is not warranted at this time.

For these reasons, Count II is dismissed with leave to amend. Although I am doubtful that the Trustee could ever plausibly allege that the lenders promised never to foreclose, I will let the Trustee try.

## C. Count III- "UDAP re New Century"

The title of Count III suggests that it states claims against New Century, which originated the initial loan. But New Century is not a party; the prayer of the complaint makes clear that this count seeks a determination that, due to New Century's conduct, the loan is void ab initio and that therefore the Defendants cannot enforce it.

Count III alleges that "New Century created a false loan application in order to justify this loan," "failed to give proper disclosures," and "imposed excessive and improper charges upon Borrowers." The complaint does not provide many

---

[22] *See, e.g., Troxel v. Deutsche Bank Nat. Trust Co.,* 2015 WL 4603099, at *4 (D. Haw. July 30, 2015); *Sandri v. Capital One, N.A. (In re Sandri)*, 501 B.R. 369 (Bankr. N.D. Cal. 2013) (holding that a borrower lacks standing to challenge a mortgage assignment on the ground that it occurred after the closing date of a securitization trust).

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii  #15-90045   Dkt # 36   Filed  02/05/16   Page 11 of 17

details, but particularity is not required for this claim.

The Defendants first argue that Count III is time barred. "Any action to enforce a cause of action arising under [UDAP] shall be barred unless commenced within four years after the cause of action accrues . . . ."[23] The Defendants argue that the UDAP claims accrued when the loan closed in 2005, and that the Trustee's claims are therefore untimely. The Trustee points out that "[a]ny contract in violation of this chapter [480] is void and is not enforceable at law or in equity,"[24] and argues that a void contract is void forever despite the expiration of a statutory limitations period. Neither party cites any authority on point. I predict that the Hawaii state courts would hold that the UDAP statute of limitations bars consumers' suits for monetary damages or injunctive relief based on a UDAP violation, but does not bar a consumer from asserting (either defensively or in a claim for declaratory relief) that a contract or agreement is void due to a UDAP violation. This view is consistent with the language of section 480-24; where the consumer uses the UDAP violation in order to defend against a contractual obligation, or to preempt the counterparty's attempt to enforce that obligation, the

---

[23] Haw. Rev. Stat. § 480-24. The federal courts in this district have consistently held that a UDAP cause of action accrues when the violation occurs, not when the plaintiff discovers or should reasonably have discovered the violation. *See, e.g., Rundgren v. The Bank of New York Mellon*, 2010 WL 4066878, at *6 (D. Haw. Oct. 14, 2010).

[24] *Id.* § 480-12.

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii  #15-90045  Dkt # 36  Filed  02/05/16  Page 12 of 17

consumer is not bringing "an action to enforce a cause of action" under the UDAP statute. This view also avoids the peculiar result that a void contract could become "un-void" due to the mere lapse of time.

Second, the Defendants argue that the allegations of Count III are not sufficient to state a claim. This requires a careful review of the alleged violations.

If proven, the deliberate creation of a false loan application for a borrower and the failure to give disclosures might be a UDAP violation rendering the contract void.

The complaint does not allege what disclosures New Century failed to give and what law required New Century to give those disclosures. This omission is potentially important. The Trustee cannot rely on the Truth in Lending Act ("TILA"), because TILA permits the rescission of noncompliant loans but does not provide that such loans are void ab initio.[25] Further, TILA preempts UDAP claims that are based on alleged TILA violations.[26] The mere allegation that the lender failed to give "proper disclosures" is not sufficient to state a UDAP claim. Similarly, as explained above, the allegation of excessive and improper charges does not suffice.

---

[25] 15 U.S.C. § 1635.

[26] *Tedder v. Deutsche Bank Nat. Trust Co.*, 863 F. Supp. 2d 1020, 1025 (D. Haw. 2012).

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 13 of 17

Therefore, Count III is dismissed with leave to amend.

## D. Count IV- Negligent Misrepresentation

A plaintiff claiming negligent misrepresentation must show that (1) false information is supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient justifiably relies upon the misrepresentation.[27] Because a negligent misrepresentation does not require intent, it need not be plead with particularity.[28]

The Trustee alleges that Defendants promised that "there would be no foreclosure on their property in consideration of Borrowers' entering into the loan modification agreement." As noted above, I do not find this allegation plausible. The allegation that the Louis justifiably relied on this representation is equally implausible; it defies credulity to say that the Louis actually thought their lender would never foreclose, even if they did not make the payments required under the modified loan.

Count IV is dismissed with leave to amend.

---

[27]*Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc.*, 115 Haw. 232, 263, 167 P.3d 225, 256 (2007), *as corrected on denial of reconsideration* (Sept. 20, 2007)(citing *Blair v. Ing*, 95 Hawaii 247, 269, 21 P.3d 452, 474 (2001)).

[28] *Illinois Nat. Ins. Co. v. Nordic PCL Const., Inc.*, 870 F. Supp. 2d 1015, 1038 (D. Haw. 2012).

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 14 of 17

### E. Count V- Negligence

 In order to prevail on a negligence claim, a plaintiff must prove:

(1) A duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

(2) A failure on the defendant's part to conform to the standard required: a breach of the duty;

(3) A reasonably close causal connection between the conduct and the resulting injury; and

(4) Actual loss or damage resulting to the interests of another.[29]

The Trustee argues that the Defendants owed the Louis "a duty of ordinary care in carrying out the activity of" processing the Borrowers' loan modification. The Defendants correctly argue that, under Hawaii law, "lenders do not owe their borrowers a duty of care sounding in negligence."[30] In the context of this case, I agree with the Defendants. The Louis owed contractual obligations to their lender. They asked the lender to modify those obligations. As a matter of contract law, the lender is free to respond to such a request in any manner the lender wishes. Imposing a tort duty on lenders to respond to such requests in a particular fashion would create an inappropriate conflict between tort and contract law.

---

[29] *Molfino v. Yuen*, 134 Haw. 181, 184, 339 P.3d 679, 682 (2014).

[30]*Tedder v. Deutsche Bank Nat. Trust Co.*, 863 F. Supp. 2d 1020, 1037 (D. Haw. 2012) (citing *McCarty v. GCP Mgmt., LLC*, 2010 WL 4812763, at *6 (D. Haw. Nov. 17, 2010)).

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed 02/05/16   Page 15 of 17

The Trustee also argues that the Home Affordable Modification Program ("HAMP") guidelines create a duty that can support negligence liability. The Defendants correctly point out that HAMP does not create an express or implied private right of action.[31] Using the HAMP guidelines to support a negligence duty would circumvent this principle.

Therefore, Count V isdismissed with prejudice and without leave to amend.

**F. Count VI- Promissory Estoppel**

In order to establish a claim of promissory estoppel,

(1) There must be a promise;

(2) The promisor must, at the time he or she made the promise, foresee that the promisee would rely upon the promise (foreseeability);

(3) The promisee does in fact rely upon the promisor's promise; and

(4) Enforcement of the promise is necessary to avoid injustice."[32]

Count VI alleges that New Century and the Defendants "made numerous promises to Borrowers, both oral and written, as set forth above." But the only promise discernible from the complaint is the alleged promise that the Defendants would never foreclose. For the reasons noted above, this allegation does not meet the test of plausibility. Therefore, Count VI is dismissed with leave to amend.

---

[31] *Tedder*, 863 F. Supp. 2d at 1031; *Dias v. Federal National Mortgage Assn.*, 990 F.Supp.2d 1042, 1054(D. Haw. 2013).

[32] *Gonsalves v. Nissan Motor Corp.*, 100 Haw. 149, 165, 58 P.3d 1196, 1212 (2002).

U.S. Bankruptcy Court - Hawaii  #15-90045  Dkt # 36  Filed  02/05/16  Page 16 of 17

# IV.    CONCLUSION

The Defendants' motion is granted.  Counts I, II, III, IV, and VI are dismissed with leave to amend.  Count V is dismissed with prejudice and without leave to amend.

## END OF ORDER

15-90045 LOUI motion to dismiss v4.wpd

U.S. Bankruptcy Court - Hawaii   #15-90045   Dkt # 36   Filed  02/05/16   Page 17 of 17